### No. 156

NEIGHBORS et v. THISTLE DOWN CO. et
No. 20240. Supreme Court
On motion to certify. Dock. 12-30-26, 5 Abs. 27.

1002. RECEIVERS — May error proceedings, in an action for the appointment of a receiver, be prosecuted to an order overruling a motion for the removal or discharge of said receiver or to the order appointing the receiver?

#### First Publication of this Case

The Thistle Down Co. et. al. prayed for a receiver in the Cuyahoga Common Pleas; and the prayer of the petition was granted. H. F. Neighbors et. asked for permission to be made parties defendant and that the receiver be discharged as the maintenance of a receiver was an unnecessary expense and that said receiver was appointed without authority of law and was ineligible on the ground that he is one of the attorneys for said company.

The motion to discharge the receiver was overruled and a petition in error was filed. Thereafter the Company moved to quash summons in error on the ground that more than 70 days had elapsed from the time the receiver was appointed although the petition in error was admittedly filed within 70 days from the order overruling the motion to discharge. The Court of Appeals granted this motion on the theory that error proceedings in an action of this character could only be prosecuted to an order appointing or discharging a receiver and not to an order overruling a motion to discharge a receiver.

In the Supreme Court the question presented is: Is an order overruling a motion to remove a receiver and to vacate the entry of his appointment, a final order within provisions of 12258 GC. reviewable on error, particularly when the motion is made by defendants not parties to the action at the time the receiver was appointed, and where the motion challenges the jurisdiction of the court in appointing the receiver upon the pleading filed, as

well as to his eligibility to such office under 11895 GC.

Attorneys—Boyd, Cannon, Brooks & Wickham for Neighbors et; Charles S. Wachner, George A. Spooner and Tolles, Hogsett & Ginn for Company et; all of Cleveland.

---

### No. 157

OVERTON v. KUSHMEDER et
No. 20268. Supreme Court
On motion to certify. Dock. Oct. 28, 1926, 4 Abs. 746.

563. FRAUDULENT CONVEYANCES—Is made to grantor's wife as a gift with intent a finding of trial court that conveyance was to defraud creditors, in accord with 8618 GC., and which finding appears to justify allegations of petition, contrary to law?

#### First Publication of this Case

William Overton brought an action in the Cuyahoga Common Pleas to set aside a deed given by Herman Kushmeder to his wife, Clara. It was alleged that Kushmeder was indebted to Overton and that except for the property deeded to his wife, he was unable to pay hsi debts, and that with intent to hinder, delay, and defraud his creditors, he conveyed said property without consideration to his wife. He prayed that the conveyance be declared null and void, and that the property be subjected to payment of said judgment.

The trial resulted in a finding in favor of Overton and the Court of Appeals reversed the finding of the lower court as contrary to law. On motion to certify, it was claimed that the petition of Overton alleged that the deed was a gift to the grantor's wife made with intent to defraud creditors, and that the trial court found the allegations of the petition to be true and set the conveyance aside. It is urged that in this, there was nothing contrary to law but it was in accord with the law as set forth in 8618 GC.

It is contended that by reversing the lower court, the Court of Appeals decided against the statutes of the State.

Attorneys—Gurney, Gurney & Gurney for Overton.

---

### No. 158

LUPSON et v. ZINK
No. 20189. Supreme Court
On motion to certify. Dock. Nov. 24, 1926, 4 Abs. 805.

1104. STATUTES—Is 1685 GC., requiring a court of record to determine and adjudicate matters submitted to it within thirty days, mandatory or directory?

#### First Publication of this Case

This case involves the construction of Sec. 1685 GC., which provides that a Court of record determine and adjudicate matters submitted to it within thirty days after such submission. The question involved is:—

Whether this statute is mandatory and must be observed by the Courts or whether it is simply directory and may be disregarded by the Court if it so desires.

Attorneys—J. A. Jeffers for Lupson; H. Nusbaum for Zink; all of Canton.

Note—Motion to certify overruled, 5 Abs. 44.